CONTINENTAL REALTY CO. v. REDWINE.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1913.)

No. 2,247.

WORK AND LABOR (§ 12*)—CONTRACT—PART PERFORMANCE—QUASI CONTRACT.
Where defendant employed plaintiff to procure contracts for the sale of standing timber, agreeing to pay plaintiff $5,000 if he secured contracts for 300,000 trees, or if less at the rate of $100 for each 6,000 trees, and plaintiff procured the execution of a contract between defendant and L. and K., by which they agreed to furnish the timber contracts, whereupon defendant relieved plaintiff from further performance, but whether they accepted the contract with L. and K. as a full performance of plaintiff's contract for commissions was in dispute. Held, that if plaintiff had performed valuable services, which were not a full performance of any existing contract, he was entitled to waive the contract and sue on a quantum meruit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 27; Dec. Dig. § 12;* Contracts, Cent. Dig. §§ 1365, 1366.]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky; A. M. J. Cochran, Judge.

Action by D. B. Redwine against the Continental Realty Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, 184 Fed. 851, 107 C. C. A. 175.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. W. Hines, of Louisville, Ky., and Worthington & Cochran, of Maysville, Ky., for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio (George Hoadly, of Cincinnati, Ohio, of counsel), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Redwine, whom we shall call the plaintiff, sued the Realty Company for $5,000 claimed to have been earned as commission under a contract made July 24, 1903, between plaintiff and defendant, for procuring contracts for the sale to defendant of standing timber in several counties of Kentucky. Plaintiff claimed the contract was performed on his part by the procuring (and the acceptance by defendant) of a contract made August 1, 1903, between defendant and McLin & Kilbourn (whom we shall, for brevity, speak of as McLin), whereby the latter agreed to procure from the owners of standing timber contracts for its sale to defendant. The substantial issue was whether the McLin contract was accepted by defendant as a performance of plaintiff's contract with that company, and as entitling him to commission thereunder.

On the first trial, verdict was directed for defendant. This court, in an opinion by Judge Severens, held, first, that the contract of July 24, between plaintiff and defendant, was an agreement to procure from the owners thereof contracts for trees, as distinguished from a procuring of the trees themselves; second, that if the contracts plaintiff should procure failed to conform with the specifications of his contract with defendant, or if there should be fair doubt of the ability of the tree owners to perform their contracts, defendant might refuse to take them; third, that plaintiff's contract was not for a year, nor did he assume any responsibility for the performance of the contracts by the tree owners, but that, if he failed to get contracts for the full 300,000 trees contemplated, he was to be paid merely the proportion of the promised commission which the number contracted for by the owners bore to the whole amount of the $5,000 agreed commission, viz., at the rate of $100 for each 6,000 trees; and, fourth (at the least), that the testimony presented tended to show that the McLin contract was accepted by defendant as a complete performance of plaintiff's original contract and as entitling him to the $5,000 commission claimed, and that it was error to instruct verdict for defendant. See Redwine v. Continental Realty Co., 184 Fed. 851, 107 C. C. A. 175, where the contracts between plaintiff and defendant and between the latter and McLin, as well as the issues between the parties, are fully set out.

On the new trial the District Judge interpreted the former opinion of this court as holding either that the procuring of the McLin contract was a performance of plaintiff's original contract with defendant, or that the latter's acceptance of the McLin contract was an acceptance of it as such performance (thus entitling plaintiff to the full damages claimed), and accordingly directed verdict in plaintiff's favor for the entire $5,000.

We adhere to the construction of plaintiff's original contract with defendant (of July 24th) adopted in our former opinion. We think, however, that that opinion did not finally determine, either that the McLin contract was in and of itself a performance of plaintiff's original contract, or that the McLin contract was so accepted as a complete performance of plaintiff's original contract as to entitle him to the full $5,000 commission claimed. While there are statements in the opinion which lend color to the interpretation put upon it by the District Judge, such construction is negatived by the considerations that (a) the question before this court was whether the judgment below should be reversed; (b) it is stated in the opinion that, "upon the evidence given and tendered, the jury might not unreasonably have found a verdict for the plaintiff;" and (c) the statement that the acceptance of the McLin contract "was a performance of the plaintiff's contract by the same manager of the defendant is also admitted, or, if his indorsement on the McLin & Kilbourn contract is not such an acceptance, the manager's testimony at the trial proved it," shows a lack of intention to stand on the written "acceptance" as a conclusive acknowledgment of complete performance of plaintiff's original contract as entitling him to the full commission claimed.

We think it was open to defendant, on the new trial, thoroughly to try out the question of fact of the extent to which the McLin contract was accepted by defendant, and thus the extent to which plaintiff was entitled to compensation. Upon the new trial there was introduced, in addition to the written "acceptance" found in the former opinion—184 Fed. 854, 107 C. C. A. 178—(which it affirmatively appears was drafted by Manager Little) a further memorandum (drafted by plaintiff) indorsed the same day upon another copy of the contract, and signed by the same manager, in the following language:

"The foregoing contract was this day secured and caused to be executed to the Continental Realty Company by McLin & Kilbourn, in contemplation of carrying out the contract between D. B. Redwine and said Continental Realty Company, dated July 24, 1903; that is, said Redwine caused the said contract between the said Realty Company and McLin & Kilbourn to be executed."

The making of this last-mentioned memorandum appeared in the record on the former review, although not mentioned in the opinion. On the new trial the testimony of defendant's manager was rather less favorable to plaintiff's construction of the acceptance (as entitling him to the full $5,000 commission) than was the testimony of the same manager on the former trial. We think the evidence, taken together, does not necessarily preclude a theory that the acceptance of the McLin contract entitled plaintiff to compensation only on the basis of $100 for each 6,000 trees McLin should furnish (or suitable and proper contracts for which he should procure); nor, on the other hand, does it necessarily negative plaintiff's theory that it was accepted as full performance of his contract and entitled him to $5,000 commission.

There seems practically no dispute that plaintiff procured the making of the McLin contract; that defendant accepted that contract, and thereupon released plaintiff from his original contract; that defendant

acted upon the McLin contract to the extent of furnishing money for the purchase of trees thereunder; and, on McLin & Kilbourn's suing defendant for failure to fully perform, presented a counterclaim for damages against those parties for *their* failure to fulfill *their* contract. In the charge to the jury on the second trial of the instant suit, it was stated as a fact that McLin & Kilbourn were permitted to recover against defendant several thousand dollars damages for the latter's breach of the former's contract with it. That plaintiff was entitled to some compensation seems, therefore, practically undisputed, unless plaintiff fraudulently participated in the fruits of the McLin contract.

We are unable to find in the record anything necessarily forbidding, on proper pleadings, a recovery on the quantum meruit, provided valuable services were rendered which yet were not a full performance of any existing special contract.

The judgment of the court below should be reversed, with costs, and a new trial awarded, with permission to make all amendments of pleadings necessary to enable the parties fully to try out the meritorious questions of fact which we have held are still open.